# EXHIBIT C

2026 IL App (3d) 250359

Opinion filed July 28, 2026

---

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS *ex rel*. MARK LASKOWSKI, | ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiff-Appellant, | ) | |
| v. | ) | Appeal No. 3-25-0359<br>Circuit No. 25-CH-45 |
| AXIOM FINANCIAL SERVICES, LLC, | ) | The Honorable Bryan S. Chapman, Judge, Presiding. |
| Defendant-Appellee. | ) | |

---

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Presiding Justice Hettel and Justice Bertani concurred in the judgment and opinion.

---

**OPINION**

¶ 1 Plaintiff, the People of the State of Illinois by Mark Laskowski, filed a verified complaint seeking injunctive and other relief against defendant, Axiom Financial Services, LLC, alleging that defendant acted in violation of the Collection Agency Act (205 ILCS 740/1 *et seq.* (West 2024)) by operating as an unlicensed collection agency. Acting on a motion filed by defendant, the trial court dismissed plaintiff's complaint with prejudice. Plaintiff appeals that ruling. We reverse the trial court's judgment and remand for further proceedings.

¶ 2 I. BACKGROUND

¶ 3 The underlying facts in this case are uncontested. In March 2025, plaintiff filed a verified complaint for injunctive and other relief in the circuit court of Du Page County, Illinois. Plaintiff alleged that defendant acted in violation of the Collection Agency Act and sought to enjoin defendant from engaging in practice as an unlicensed collection agency in Illinois. Section 14a of the Collection Agency Act states that "any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice." *Id.* § 14a. In the complaint, plaintiff provides three instances where defendant had purchased allegedly defaulted mortgage notes and subsequently filed or substituted into judicial foreclosure actions pursuant to the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2024)).

¶ 4 The first of the three examples plaintiff provides as evidence of defendant's alleged violations of the Collection Agency Act is as follows. In June 2006, Christina Beasley and Mark Laskowski purchased a residence in Wayne, Illinois, and executed a note and mortgage in favor of Credit Suisse Financial Corporation. In October 2014, PennyMac filed a complaint for foreclosure and other relief in Du Page County, Illinois, after purchasing the note from Credit Suisse. The note was purchased by PMT NPL Financing 2014-1 and transferred to defendant. Defendant substituted as plaintiff in the foreclosure case in November 2020 and obtained summary judgment in its favor on the foreclosure action in November 2024.

¶ 5 The second instance alleges that Teak Barton executed a note and mortgage in favor of National City Mortgage in September 2007 to finance the purchase of Barton's residence in Chicago, Illinois. The note was transferred to multiple collection agencies and was eventually

transferred to defendant in March 2024. Defendant filed a foreclosure action against Barton in January 2025, which is still pending in Cook County.

¶ 6 The third instance concerns Elio Vivacqua, who executed a note and mortgage in favor of Mortgage Electronic Registration Systems (MERS) to finance the purchase of his residence in Norridge, Illinois. The note was sold to Countrywide Home Loans, Inc., and subsequently transferred to defendant. In September 2022, defendant filed a foreclosure action in Cook County. Defendant obtained a judgment against Vivacqua in the foreclosure action, purchased the property at the sheriff's sale, and obtained an eviction order against Vivacqua.

¶ 7 In the instant case, defendant subsequently filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619, 2-619.1 (West 2024)) alleging that plaintiff's complaint fails as a matter of law. After full briefing and oral arguments on the matter, the trial court granted defendant's motion to dismiss with prejudice, finding that defendant would never be subject to Collection Agency Act registration under the circumstances. Although unspecified, we can ascertain from the language of the dismissal and statements that the trial court made that the motion was granted pursuant to section 2-619 of the Code. The trial court made no ruling on the section 2-615 portion of defendant's motion. Plaintiff appealed.

¶ 8 II. ANALYSIS

¶ 9 On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss plaintiff's verified complaint that defendant acted as an unlicensed collection agency in violation of the Collection Agency Act. Plaintiff asserts that the plain language of the Collection Agency Act should apply and that defendant acted as a collection agency through their conduct as a "debt buyer."

Plaintiff contends that defendant should be estopped to deny that it is a debt buyer and collection agency because it stated in its application for admission to transact business in Illinois, filed with the Secretary of State, that it would engage in "debt collection and debt purchasing." Additionally, plaintiff contends that the trial court erred in assuming, without discovery, that the three instances of mortgage foreclosure proceedings alleged by plaintiff constitute all of defendant's collection activities in Illinois. Plaintiff requests that we reverse the trial court's grant of the motion to dismiss and remand for further proceedings.

¶ 10 Defendant argues that the trial court's ruling was proper and should be upheld. Defendant asserts that the trial court correctly determined that the Collection Agency Act does not apply to defendant as a matter of law. According to defendant, its purchasing of mortgage debt and enforcing its own security interest through judicial foreclosure proceedings does not constitute "debt collection services" under the Collection Agency Act.[1] Defendant argues that the Collection Agency Act is intended to regulate only those engaged in third-party debt collection and does not apply to purchasers of secured debt that enforce their security interest through judicial foreclosure proceedings. Defendant supports that argument by citing the United States Supreme Court decision in *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83, 90 (2017), which found that an entity that collects debts for its own account is not considered a "debt collector" under the federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692a(6) (2012)). However, defendant admits in its brief that the language of the FDCPA is dissimilar to that of the Collection Agency Act. Defendant goes on to say that foreclosure is a separate process from debt collection and points

[1]Plaintiff filed a motion for leave to cite supplemental authority asking that we consider a consent order entered in a proceeding before the Illinois Department of Financial and Professional Regulation in which defendant agreed that it had operated as a collection agency in Illinois without a Collection Agency Act license from 2019 through 2024. The order was entered in April 2026. However, such order was not before the trial court and is not authoritative or precedential. Thus, we deny plaintiff's motion.

to the fact that foreclosure is governed by the Illinois Mortgage Foreclosure Law.[2] For all the aforementioned reasons, defendant asks that we affirm the trial court's judgment in granting defendant's motion to dismiss.

¶ 11 When considering a section 2-619 motion to dismiss on appeal, the court " 'must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). Under section 2-619 of the Code, a litigant can obtain involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2024); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The statute provides litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often preceding discovery. See *Van Meter*, 207 Ill. 2d at 367; *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 motion, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2024). Under subsection (a)(9), a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. *Id.* § 2-619(a)(9).

---

[2]Defendant failed to claim any exemption(s) under section 2.03 of the Collection Agency Act, which include "[l]oan and finance companies, including entities licensed pursuant to the Residential Mortgage License Act of 1987." 205 ILCS 740/2.03(8) (West 2024).

¶ 12 An "affirmative matter" is something in the nature of a defense that completely negates the cause of action. *Van Meter*, 207 Ill. 2d at 367. When reviewing a section 2-619 motion to dismiss, the court must consider all pleadings and supporting documents in a light most favorable to the nonmoving party. *Id.* at 367-68. A section 2-619 motion to dismiss should be granted only if the plaintiff cannot prove any set of facts that would support a cause of action. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. On appeal, the standard of review for a dismissal pursuant to section 2-619 is *de novo*. *Van Meter*, 207 Ill. 2d at 368. Under the *de novo* standard of review, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of a section 2-619 motion to dismiss may be affirmed on any basis supported by the record. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 14.

¶ 13 Here, whether the trial court properly dismissed plaintiff's complaint turns on an issue of statutory construction. The fundamental goal of statutory construction is to ascertain and give effect to the intent of the legislature. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56. In reviewing whether the complaint was properly dismissed or if defendant is considered a "debt buyer" and acted as an unlicensed "collection agency" under the Collection Agency Act, the most reliable indicator of legislative intent is the plain and ordinary meaning of the language in the statute itself. See *id.* In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and contemplate the subject matter the statute addresses, along with the apparent intent of the legislature in enacting the statute. See *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009); 5 ILCS 70/1.01 (West 2024) (indicating that in construing a statute, "[a]ll general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly be fully carried out"). If the statutory language is clear and

unambiguous, " 'its plain and ordinary meaning must be given effect without resorting to other aids of construction.' " *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 26 (2005) (quoting *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 310 (2001)).

¶ 14 A court may not depart from the plain meaning of the statute and read into it exceptions, limitations, or conditions that are inconsistent with the express legislative intent. *Gaffney*, 2012 IL 110012, ¶ 56. However, a court may consider extrinsic aids to determine legislative intent if the statutory language is ambiguous such that it is susceptible to more than one reasonable interpretation. See *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990). The standard of review on appeal for an issue of statutory construction is *de novo*. *Gaffney*, 2012 IL 110012, ¶ 50. Therefore, we turn to the statutory language of the Collection Agency Act as the clearest indicator of legislative intent. See *id.* ¶ 56.

¶ 15 The Collection Agency Act was written with the express aim of protecting consumers so that "the collection agency profession merit[s] and receive[s] the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois." 205 ILCS 740/1a (West 2024). At the time the complaint was filed, the Collection Agency Act defined "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in the collection of a debt." *Id.* § 2.[3] Additionally, the Collection Agency Act provided that "[a] person acts as a collection agency when he, she, or it" "(d) [b]uys accounts, bills, or other debt." *Id.* § 3(d). The Collection Agency Act defined a "debt buyer" as:

---

[3]The definitions that appear here are from the version of the Collection Agency Act that was effective from January 1, 2023, to December 31, 2025, which was the version of the Collection Agency Act that the trial court based its ruling upon.

> "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt." *Id.* § 2.

"Consumer debt" or "consumer credit" under the Collection Agency Act was defined as "money or property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *Id.* A "credit transaction" under the Collection Agency Act is defined as "a transaction between a natural person and another person in which property, service, or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." *Id.*

¶ 16 In the present case, it is apparent that defendant is engaged in the business of buying debt for collection purposes because defendant stated in its application to do business in Illinois that its proposed purpose was "Debt collection and Debt purchasing." Defendant's argument that the language of the FDCPA should inform who is considered a "debt collector" under the Collection Agency Act is unpersuasive, as the Collection Agency Act definition is unambiguous on this matter. Under the plain language of the Collection Agency Act, we conclude that defendant was required to register and acted as an unlicensed collection agency through the purchase of defaulted mortgage notes and bringing forth judicial foreclosure actions. Thus, section 14a of the Collection Agency Act authorizes injunctive relief for unlicensed activity, stating:

> "The practice as a collection agency by any person not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Secretary, the

> Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice." *Id.* § 14a.

Since defendant's unlicensed debt purchasing and collection activities entitles plaintiff to apply for injunctive relief pursuant to the Collection Agency Act, the trial court erred in dismissing plaintiff's complaint under section 2-619 of the Code.

¶ 17 In concluding as we have in this case, we recognize the possibility that the legislature did not contemplate the purchase of mortgage debt and the enforcement of that security interest through judicial foreclosure when drafting the Collection Agency Act. However, as it stands, the plain language of the Collection Agency Act supports the conclusion that defendant engaged in unlicensed debt collection activities. Any changes that should be made to the Collection Agency Act to address that situation are for the legislature to make and not for this court to interpret into the applicable statutes.

¶ 18 III. CONCLUSION

¶ 19 For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County and remand this case for further proceedings on plaintiff's verified complaint.

¶ 20 Reversed and remanded.

***People ex rel. Laskowski v. Axiom Financial Services, LLC*, 2026 IL App (3d) 250359**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 25-CH-45; the Hon. Bryan S. Chapman, Judge, presiding. |
| **Attorneys for Appellant:** | Adam Goodman, of Goodman Tovrov Hardy & Johnson LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Harry L. Durden, of Quintairos, Prieto, Wood & Boyer, P.A., of Chicago, for appellee. |