**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK EDWARD LASKOWSKI,<br>Plaintiff,<br><br>v.<br><br>AXIOM FINANCIAL SERVICES LLC;<br>HALLIDAY, WATKINS & MANN, P.C.;<br>QUINTAIROS, PRIETO, WOOD & BOYER,<br>P.A.; and FCI LENDER SERVICES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:26-cv-10027** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6)MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Quintairos, Prieto, Wood & Boyer P. A. files this motion to dismiss Count III of Plaintiff Mark Edward Laskowski's Fair Debt Collection Practices Act claims under Federal Rule of Civil Procedure 12(b)(6), showing in support as follows:

## I. INTRODUCTION

On June 15, 2006, Mark Edward Laskowski ("Mr. Laskowski") signed a promissory note (the "Note") in the mount of $1,000,000.00. To secure the Note, Mr. Laskowski executed and delivered a mortgage for the real property commonly known as 5N758 Rochefort Lane, Wayne IL 60184 (the "Mortgage"). Mark Edward Laskowski defaulted on a $1,000,000 mortgage loan in March 2009. On October 17, 2014, PennyMac Corp., holder of the note and mortgage at that time, initiated a proceeding in DuPage County Circuit Court with the case number 2014 CH 1915 to a foreclosure the Mortgage on 5N758 Rochefort Lane, Wayne IL 60184 ("Subject Property") (the "Foreclosure"). On or about September 6, 2023, Quintairos, Prieto, Wood & Boyer P. A. ("Quintairos") substituted into the Foreclosure as counsel of record for plaintiff with Chris Iaria ("Mr. Iaria") as lead counsel.

See attached executed attorney substitution attached hereto as **Exhibit A**. In early December 2026, Mr. Iaria left Quintairos. On January 6, 2026, Halliday Watkins & Man ("Halliday") filed an appearance in the Foreclosure with Mr. Iaria as the lead counsel. See the file stamped appearance attached hereto as **Exhibit B**. Halliday has remained counsel for the Plaintiff in the Foreclosure ever since. On January 16, 2026, the Circuit Court of DuPage County entered an order approving the sale of the Subject Property (the "January 16, 2026 Order"). On February 13, 2026, Mr. Laskowski filed a motion to reconsider the entry of January 16, 2026 Order (the "Motion to Reconsider"). On May 29, 2026, the Circuit Court of DuPage County denied Motion to Reconsider.

While the Foreclose was pending, on March 7, 2025, Mr. Laskowski initiated the lawsuit The People of the State of Illinois by Mark Laskowski v. Axiom Financial Services case number 25 CH 45 in the DuPage Court Circuit Court seeking to Enjoin Axiom from collection activities based on violations of the Illinois Collection Agency Act ("ICAA") (the "Injection Case"). On July 15, 2025, the state court Judge in the Injection Case dismissed the Injection Case on Axiom Financial Services's ("Axiom") Motion to Dismiss. On July 16, 2025, Mr. Laskowski filed a notice of appeal to the State of Illinois Third Distinct Appellate Court ("Court of Appeals") appealing the dismissal of the Injection Case. During the pendency of the appeal of the Injection Case, on April 7, 2026, Axiom entered into a consent order with the State of Illinois Department of Financial & Professional Regulation Division of Financial Institutions whereas Axiom admitted to acting as an unlicensed collection agency from 2019 through 2024, agreed to pay a fine and agreed to comply with the ICAA. On September 10, 2026, the Court of Appeals issued an opinion reversing the trial court's dismissal of the Injection Case, remanding it for further proceedings and finding that Axiom had violated the ICAA.

In Count III of Plaintiff's Complaint, the only count directed against Quintairos, Mr. Laskowski does not allege that Quintairos committed any specific action against Mr. Laskowski that violated the Fair Debt Collection Practices Act ("FDCPA"), but only alleges that Quintairos's representation of Axiom during the Foreclosure itself was a violation of the FDCPA because Axiom

lacked a license under the ICAA during a certain period of time while Quintairos represented Axiom. Mr. Laskowski failed to allege that Quintairos demanded the collection of a debt from Mr. Laskowski that was uncollectable, that Quintairos took any action against Mr. Laskowski that was barred by the FDCPA or contacted Mr. Laskowski directly while he was represented by counsel.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria: (1) It must assert a plausible claim and (2) it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2006)); see also *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-738 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory). In *Twombly*, the Supreme Court squarely rejected the Rule 12(b)(6) standard set forth under *Conley v. Gibson* 355 U.S. 41, 47 (1957). *Twombly*, 550 U.S. at 563. Pleadings are no longer satisfied by "an unadorned the-defendant-unlawfully-harmed me an accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 555). Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id*. To satisfy the new standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id*. Even if a court decides that the factual allegations are entitled to an

assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id*. at 681.

## III. ARGUMENT AND AUTHORITIES

### A. There is No Duty under the FDCPA that Required Quintairos to Verify Axiom's Licensure Pursuant to ICAA or any other Statute Prior to Representing Axiom in the Foreclosure

The sole biases for Quintairos's claimed liability under the FDCPA in Count III of Mr. Laskowski's Complaint is that Quintairos represented Axiom during a portion of the Foreclosure. For Mr. Laskowski's allegation to be true, the FDCPA would require Quinteros to investigate whether Axiom was licensed pursuant the ICAA prior to representing Axiom in the Foreclosure. The relevant parts of the FDCPA cited in Count III of the Complaint prohibit certain types of actives of a debt collector. 15 U.S. Code § 1692. These activities include, but are not limited to, the making of false or misleading representations, 15 U.S.C. § 1692e(1)-(4) and (6)-(16); threats to take action that cannot legally be taken, 15 U.S.C. § 1692e(5); and engaging in certain prohibited activities while collecting a debt, 15 U.S.C. § 1692f(1)-(8). However, the FDCA contains no provision that makes a lawyer answerable for a client's regulatory status, no provision requiring that a counsel confirm a client's licensure before appearing for it, and no rule that counsel must withdraw from a court-supervised proceeding until the client obtains a license. 15 U.S. Code § 1692. Nor is the FDCPA a negligence statute that borrows duties from elsewhere: the FDCPA "creates its own rules" and "does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). The only Illinois law Plaintiff invokes, the ICAA, imposes its licensing obligation on collection agencies and expressly excludes licensed attorneys from its reach. 205 ILCS 740/2.03(5). Plaintiff identifies no other source of a duty that requires a foreclosure counsel to police a client's compliance with the ICAA. 205 ILCS 740. A complaint alleging that a lawyer breached a duty that no law creates does not state a claim pursuant to *Iqbal*.

With Regard to the FDCPA, Count III relies solely on *Heintz v. Jenkins*, 514 U.S. 291 (1995) for the allegation that Quinteros violated the FDCA, but *Heintz* does not help Mr. Laskowski. The Supreme Court in *Heintz* held that lawyers who "regularly" engage in the collection of consumer debts through litigation are subject to the FDCPA. 541 U.S. at 299. However, *Heitz* itself does not impose liability on lawyers for the violations of their clients, but rather it holds lawyers liable for their conduct during litigation. *Id*. The instant case is strikingly similar to several cases where a plaintiff sued an attorney under the FDCPA for representing an unlicensed collector. However, in each of these cases the plaintiffs were unsuccessful as a matter of law in holding the lawyers liable under the FDCPA. The District Court for the Northern District of Illinois in *Manlangit v. FCI Lender Servs*. dismissed an FDCPA lawsuit against attorneys who represented a collector who was an unlicensed debt buyer in violation of the ICAA. 2020 U.S. Dist. LEXIS 169555, P. 14 (N.D. IL 2020). The District Court in *Manlangit* held:

> Count I alleges that the Barnham defendants violated the FDCPA by filing suit to collect a debt on behalf of an unlicensed debt collector (PPR). The Barham defendants cannot violate the FDCPA by failing to comply with the ICAA, however, because attorneys are expressly exempted from the requirements of the ICAA Thus, Count III has failed to state a claim. 2020 U.S. Dist. LEXIS 169555, P. 14 (N.D. IL 2020).

The Distinct Court in *Manlangit* relied upon the Illinois First District Appellate Court case of *Gibbs v. Blitt & Gains, P.C.* for its holding. 2020 U.S. Dist. LEXIS 169555, P. 14 (N.D. IL 2020). The Illinois Appellate Court in *Gibbs* held that since attorneys are expressly exempt from liability under ICAA attorneys cannot be held liable under the FDCPA for merely representing a client who is unlicensed pursuant to ICAA. 2014 IL App (1st) 123681, P. 14-P.15. The Court in *Gibbs* held that:

> Blitt & Gaines is a law firm comprised of licensed attorneys who file suits on behalf of collection agencies. As such, we find that it is exempt from the requirements of the Illinois Act pursuant to the above provision. ***Since Blitt & Gaines committed no violation of the Illinois Act, and therefore engaged in no misconduct by filing CACH's claim, Gibbs' contention that the firm violated the FDCPA cannot stand***. *Id*. at P. 15 (***Emphasis Added***).

Moreover, in *Fick v. Am. Acceptance Co.*, the Northern District of Indiana held attorneys who represented an unlicensed debt Collector could not be held liable under the FDCPA. 2012 U.S. Dist. LEXIS 43761, P. 7 (N.D. IN 2012). The Court held:

> Plaintiff's claim here is that defendants violated Section 1692f when they filed a lawsuit in state court without being licensed as required by Ind. Code 25-11-1-7. (DE # 1.) Because Section 1692f is not a "piggyback jurisdiction clause[,]" plaintiff cannot use its prohibition on using "unfair or unconscionable means" to collect debts as an enforcement mechanism for Indiana's state licensing law. *Beler*, 480 F.3d at 474. Plaintiff's claim under 15 U.S.C. § 1692f must therefore be dismissed. 2012 U.S. Dist. LEXIS 43761, P. 7 (N.D. IN 2012).

Moreover, the Court in *Fick* reasoned "[t]here is no Seventh Circuit precedent that is dispositive on the issue of whether a state law violation can form the basis of a Section 1692e claim." *Id*, at P. 11. Thus, Quinteros cannot be held liable under the FDCPA for representing Axion in the Foreclosure. Therefore, this Honorable must dismiss Count III of the Complaint.

**B. The Litigation Conduct Alleged in Count III is Not Actionable Under the FDCPA**

Quinteros did not take any action directly against Mr. Laskowski during the Foreclosure that violated any provision of the FDCPA nor does Mr. Laskowski allege that Quinteros took any such action. The FDCPA protects consumers and those who stand in a consumer's shoes, "and no others." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d, 943–944 (7th Cir. 2011). A Judge in state court does not stand in the consumer's shoes, and so "the Fair Debt Collection Practices Act does not extend to communications that would confuse or mislead a state court judge." *O'Rourke*, F. 3d at 944. In the instant case, none of the conduct alleged by Mr. Laskowski violated the FDPCA as none of that conduct was directed against Mr. Laskowski, but rather were filings with the state court or contact directed through Mr. Laskowski's counsel. Whenever Quinteros asserted Axiom's entitlement to relief during the Foreclosure, it was asserted before the state court judge, who was empowered to, and did, make the legal decisions during the Foreclosure. Under *O'Rourke*, such filings cannot support a claim under sections 1692e(5), 1692e(10) or 1692f or any other section of the FDCPA.

To the extent the motions and other pleadings were served on Mr. Laskowski as alleged in the Complaint they were served on Mr. Laskowski's counsel, which confirms Plaintiff was represented. A communication to a consumer's lawyer is actionable only if it would deceive a competent lawyer, not an unsophisticated consumer. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774–775 (7th Cir. 2007). No competent lawyer could have been misled about Axiom's licensure by any of the pleading filed by Quinteros in the Foreclosure nor does Mr. Laskowski's allege that his counsel was misled.

Regarding Mr. Laskowski's allegations that Quinteros violated 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The provision "applies to threats to take action that cannot legally be taken, but not illegal actions actually taken." *Fick* U.S. Dist. LEXIS 43761 at P. 12-P13. Count III does not allege Quinteros made any threats. Count III alleges that the sale was conducted, the motion to confirm was filed, and the requested relief was granted, nor did Mr. Laskowski allege Quinteros took any action that Quinteros could not legally be taken. The Illinois Mortgage Foreclosure Law ("IMFL") provides for the judicial sale of foreclosed property, notice of that sale, confirmation of the sale, an order of possession, and a personal deficiency judgment. 735 ILCS 5/15-1507; 735 ILCS 5/15-1508. Action a court is authorized to order, and does order, is action that can legally be taken.

Regarding the sale-related notices, motions and demands that Mr. Laskowski alleges violated 15 U.S.C. § 1692e(5) when Quinteros prosecuted he Forecourse, a notice of a judicial sale is required by statute and by the judgment itself and the IMFL. 735 ILCS 5/15-1507(c). Count III does not allege that any notice stated anything untrue or misleading about the debt, the sale, or Mr. Laskowski's rights. Announcing a court-ordered sale is not a threat of action that cannot legally be taken. Moreover, Mr. Laskowski pleads the section 1692e(5) theory only "to the extent" the notices and motions threatened unlawful action, a hedge that concedes the absence of any factual allegation that they did.

Regarding Mr. Laskowski's allegations that Quinteros violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), violations of the aforementioned sections of the FDCA require a false, deceptive, or misleading representation, and the representation must be material. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."). Mr. Laskowski fails to allege that any statement by Quinteros was false, deceptive, or misleading, let own that any statements were material. Count III alleges instead that by asking the court for relief, Quinteros "expressly or implicitly represent[ed] that Axiom possessed lawful authority" to obtain it. Every motion implicitly asserts that the movant is entitled to what it requests; that is what a motion does. Such an assertion is a legal position tested by the adversary and decided by the court, which is precisely what occurred in the Foreclosure. It is not a "false representation," if the state court held the position correct.

Mr. Laskowski's allegations that Quinteros violated 15 U.S.C. § 1692f claim rests on same alleged conduct and the same failed premise**.** Section 15 U.S.C. § 1692f prohibits certain collection activities that constitute "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1)-(8). Count III identifies no means other than "prosecuting the judicial-sale and confirmation process and seeking possession and deficiency relief for Axiom," and no unfairness other than Axiom's alleged lack of a license under ICAA. Invoking the judicial process that a court of competent jurisdiction is empowered to, and did, grant is neither unfair nor unconscionable as Mr. Laskowski had the opportunity to litigate his case, and in fact did litigate the Forecourse aggressively in both the state trial court and the state appellate court. Thus, since Quinteros did not violate any violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10) or 15 U.S.C. § 1692f this Honorable Court must dismiss Count III.

**C. Alternatively, Mr. Laskowski' Lacks Article III Standing to Sue Quinteros**

To establish standing, Mr. Laskowski's must plead he suffered an injury in fact that is fairly traceable to the defendant's challenged conduct, and redressable. *Spokeo Inc. v. Robins*, 578 U.S. 330,

338 (2015). The United Supreme Court held that if there is no concrete harm then there is no standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). The only injury Mr. Laskowski attributes to Quinteros is the attorneys' fees and costs he paid during the Foreclosure. Those are the ordinary costs of litigating the Foreclosure, and not harm caused by any violations of the FDCPA or Quinteros's alleged conduct. The Seventh Circuit has held that a consumer who responds to a collection communication by consulting or hiring a lawyer has not thereby suffered a concrete injury: "A desire to obtain legal advice is not a reason for universal standing." *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020); *see Choice v. Kohn Law Firm, S.C.*, **77** F.4th 636, 639 (7th Cir. 2023); (hiring counsel and paying an appearance fee in the underlying state-court collection action did not establish standing). In every instance, the expense of defending the Forecourse was caused by Mr. Laskowski's decision to contest the Foreclosure, not by any statement made to the court or action taken by Quinteros. Because Mr. Laskowski has not pleaded a concrete injury traceable to Quinteros, thus does not have standing. Therefore, Count III should be dismissed for want of jurisdiction.

## IV. CONCLUSION

In conclusion, Mr. Laskowski's claims are fundamentally defective and meritless. His FDCPA claims against Quinteros are not adequately pled to satisfy the standards under *Iqbal* or *Twombly*, and even it was, Mr. Laskowski's allegations fail to state an actional claim. Furthermore, Mr. Laskowski lacks the required standing to bring suit against Quinteros as Mr. Laskowski failed to plead a concrete injury traceable to Quinteros.

WHEREFORE, Defendant respectfully prays that the Court grant its Motion to Dismiss Count III of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim and grant Defendant all other relief to which it is justly entitled.

Respectfully submitted,

***/s/ Andrew K. Weiss***

Andrew K. Weiss
Quintairos, Prieto, Wood & Boyer P. A.
Attorney for Quintairos, Prieto, Wood & Boyer P. A.
141 W. Jackson Blvd, Suite 1575, Chicago, IL 60601
(312) 566-0040
andrew.weiss@qpwblaw.com
ARDC No. 6284233

# EXHIBIT A

**IN THE CIRCUIT COURT FOR THE 18TH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

AXIOM FINANCIAL SERVICES, LLC
Plaintiff,

vs.

CHRISTINA BEASLEY; CHESTER LASKOWSKI; MARK LASKOWSKI; ADVANTAGE NATIONAL BANK GROUP S/I/I THE BANK OF COMMERCE; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS;
Defendant(s).

Case No: 2014CH1915

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 24252310
2014CH001915
FILEDATE: 9/6/2023 10:35 AM
Date Submitted: 9/6/2023 10:35 AM
Date Accepted: 9/6/2023 2:09 PM
SW

**STIPULATION FOR SUBSTITUTION OF ATTORNEYS**

Diaz Anselmo & Associates, LLC, is hereby given leave to withdraw as attorneys for AXIOM FINANCIAL SERVICES, LLC, instanter, in the above-captioned case.

DIAZ ANSELMO & ASSOCIATES, LLC

Name: ______________________ Robert J. Deisinger
ARDC #6286021

QUINTAIROS, PRIETO, WOOD & BOYER, P.A

Name: /s/*Chris Iaria*

Prepared By:
Chris Iaria | Firm No: 278008
Quintairos, Prieto, Wood & Boyer, P.A.
111 W Monroe, Ste 700 | Chicago, IL 60603
P: 312.566.0040 | F: 312.566.0041
IL.Foreclosure@qpwblaw.com

# EXHIBIT B

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 36043120
2014CH001915
FILEDATE: 1/6/2026 1:59 PM
Date Submitted: 1/6/2026 1:59 PM
Date Accepted: 1/6/2026 3:29 PM
JN

**IN THE CIRCUIT COURT OF THE 18th JUDICIAL CIRCUIT**
**DUPAGE COUNTY, WHEATON, ILLINOIS**

AXIOM FINANCIAL SERVICES, LLC,
Plaintiff,

vs.

CHRISTINA BEASLEY A/K/A CHRISTINA BEASLEY; CHESTER LASKOWSKI; MARK LASKOWSKI; ADVANTAGE NATIONAL BANK GROUP S/I/I THE BANK OF COMMERCE; et al
Defendant(s).

Case No: 2014CH1915

ADDITIONAL

**APPEARANCE**

The undersigned, as attorney, hereby enters an appearance on behalf of Plaintiff, AXIOM FINANCIAL SERVICES, LLC

By: */s/Chris Iaria*
Chris Iaria, Attorney

Chris Iaria | ARDC No: 393178
Halliday Watkins & Mann
376 East 400 South, Suite 300
Salt Lake City, UTAH 84111
P: 801-355-2886
ILTeam@hwmlawfirm.com