IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK EDWARD LASKOWSKI,<br><br>Plaintiff,<br>v.<br><br>AXIOM FINANCIAL SERVICES, LLC; HALLIDAY, WATKINS & MANN, P.C.; QUINTAIROS, PRIETO, WOOD & BOYER, P.A.; AND FCI LENDER SERVICES, INC.;<br><br>Defendants. | ) | Case No. 1:26-cv-10027 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFF'S COMPLAINT**

Defendant, FCI LENDER SERVICES, INC., by and through its attorney, Joseph M. Herbas of Noonan & Lieberman, Ltd., hereby submits its Memorandum of Law in support of its Motion to Dismiss Counts IV and V of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## TABLE OF CONTENTS

**INTRODUCTION……………………………………………………………………………. 1**

**LEGAL STANDARD………………………………………………………………………….2**

**ARGUMENT…………………………………………………………………………………..3**

**I. COUNT IV OF PLAINTIFF'S COMPLAINT (THE FDCPA CLAIM) SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM…………………………………………………………………………………3**

**A. The FDCPA claim (Count IV) should be dismissed pursuant to Rule 12(b)(1) for lack of federal jurisdiction because Plaintiff lacks constitutional standing since his alleged concrete injury—a $10.48 mailing cost—was incurred in September 2025, nine months before FCI's Notice was sent on June 2, 2026………………………..3**

**B. The FDCPA claim (Count IV) should also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because the Notice was the type of mandatory disclosure notice not subject to the FDCPA……………………………………………………5**

**II. COUNT V OF PLAINTIFF'S COMPLAINT (THE ICFA CLAIM) FAILS TO STATE A CLAIM UNDER THE ICFA…………………………………………………...8**

**A. Plaintiff's allegations stemming from the mortgage contract are not the type of conduct prohibited by ICFA…………………………………………………….......8**

**B. Plaintiff's ICFA claim should be dismissed because Plaintiff has not pled actual damages proximately caused by FCI……………………………………………10**

**CONCLUSION…………………………………….………………………………………. 11**

**CERTIFICATE OF SERVICE…………..……..……………………………………………13**

## TABLE OF AUTHORITIES

### CASES

*Bailey v. Sec. Nat'l Serv. Corp.*, 154 F.3d 384 (7th Cir. 1998)……….……….………………….. 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………..…..………………..2

*Bonfiglio v. CitiFinancial Servicing, LLC*, No. 14-CV-09254, 2015 WL 5612194 (N.D. Ill. Sept. 23, 2015) …..……………………………………………………………………….…….2

*Buckley v. Bass & Assoc., P.C.*, No. 00-C-2580, 2000 WL 1006568 (N.D. Ill. July 12, 2000)..….7

*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014)………………………… 11

*Casillas v. Madison Ave. Assocs.*, 926 F.3d 329 (7th Cir. 2019)………………………………… 4

*Connick v. Suzuki Motor Co. Ltd.*, 174 Ill. 2d 482, 675 N.E.2d 584 (1996)……………………..11

*DeBouse v. Bayer AG*, 235 Ill. 2d 544, 922 N.E.2d 309 (2009)………………………………… 11

*Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583 (7th Cir. 2016)………………………… 3

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007)……………………... 2

*Fox v. Manley Deas & Kochalski LLC*, No. 15-C-5464, 2016 WL 6092638 (N.D. Ill. Oct. 19, 2016) ...……………………………………………………………………………………9

*Geske v. Fannie Mae*, No. 14-C-3589, 2015 WL 1397087 (N.D. Ill. Mar. 25, 2015)…………….9

*Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380 (7th Cir. 2010)……………………………5, 6

*Gritters v. Ocwen Loan Servicing, LLC*, No. 14-C-00916, 2018 WL 1784134 (N.D. Ill. Apr. 13, 2018)……………………………………………………………………………..9, 10

*J.B. v. Woodard*, 997 F.3d 714 (7th Cir. 2021)…………………………………………………….5

*Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614 (7th Cir. 2007)………………………..2

*Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010)………………………………………………11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)……………………………………...3, 4

*Ostojich v. Specialized Loan Servicing, LLC*, 618 F. Supp. 3d 778 (N.D. Ill. 2022)……………...6

*Rickher v. Home Depot, Inc.*, 535 F.3d 661 (7th Cir. 2008)……………………………………….9

*Rodriguez v. Cresco Labs, Inc.*, No. 24-C-02758, 2025 WL 3215872 (N.D. Ill. Nov. 18, 2025)..11

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)……………………………………………………...4

*Totz v. Continental DuPage Acura*, 236 Ill. App. 3d 891, 602 N.E.2d 1374 (Ill. App. Ct. 1992)...8

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S. Ct. 2190 (2021)…………………………...4, 5

*White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 856 N.E.2d 542 (Ill. App. Ct. 2006)…….9

*Williams v. Cenlar FSB*, No. 21-CV-03271, 2024 WL 3694477 (N.D. Ill. Aug. 7, 2024).………..9

*Worix v. MedAssets, Inc.*, 857 F. Supp. 2d 699 (N.D. Ill. 2012)….………………………………11

**FEDERAL STATUTES & REGULATIONS**

15 U.S.C. § 1692 *et seq.* (Fair Debt Collection Practices Act)…………………………………1, 5

15 U.S.C. § 1692e(2)(A)………………………………..…………………………………1, 5

15 U.S.C. § 1692e(10)……………………………………..…………………………………....1, 5

15 U.S.C. § 1692f(1)………………………………..………………………………….........1

12 C.F.R. § 1026.20(c) (Regulation Z / Truth in Lending Act)………………….……………...7

**STATE STATUTES**

815 ILCS 505/1 *et seq.* (Illinois Consumer Fraud and Deceptive Business Practices Act)…….1, 8

## INTRODUCTION

Plaintiff Mark Edward Laskowski ("Plaintiff") is a mortgagor who recently lost his property in a state court mortgage foreclosure action. The state court foreclosure action is currently on appeal.

While the appeal is pending, Plaintiff filed this lawsuit against his mortgage lender, the lender's foreclosure attorneys, and Defendant FCI Lender Services, Inc. ("FCI"). FCI is not a party to the state court foreclosure but is the servicer for the mortgage loan.

While the claims against the other defendants involve the state court foreclosure and lender registration laws, Plaintiff's claim against FCI is straightforward and relies entirely on a single "Subsequent Interest Rate Adjustment" notice dated June 2, 2026, which informed Plaintiff of a change in his mortgage interest rate.

Plaintiff argues this notice violated two specific laws:

- **Count IV:** The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f and 1692f(1);
- **Count V:** The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) 815 ILCS 505/1 *et seq.* ("ICFA").

In this motion, FCI moves to dismiss the two counts directed at FCI, Count IV and V of Plaintiff's Complaint. Count IV (the FDCPA Claim) should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6):

- **Lack of Subject Matter Jurisdiction (Rule 12(b)(1)):** Plaintiff lacks constitutional standing because he cannot show a concrete injury caused by FCI. His alleged injury—a $10.48 mailing cost—was incurred in September 2025, nine months *before* FCI sent the challenged notice on June 2, 2026.
- **Failure to State a Claim (Rule 12(b)(6)):** The Complaint fails to allege facts that establish a plausible violation of the FDCPA.

Count V (the ICFA Claim) should be dismissed under Federal Rule of Civil Procedure Rules 12(b)(6):

- **Failure to State a Claim (Rule 12(b)(6)):** The Complaint fails to state a claim under ICFA.

FCI submits this Memorandum of Law to support its Motion to Dismiss both Count IV and Count V of Plaintiff's Complaint.

## LEGAL STANDARD

FCI moves to dismiss Count IV of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. *Bonfiglio v. CitiFinancial Servicing, LLC*, No. 14-CV-09254, 2015 WL 5612194 (N.D. Ill. Sept. 23, 2015).

FCI also moves to dismiss Count IV, along with Count V, of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6).*

To state a claim, Rule 8(a)(2) requires pleadings to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* Rule 8(a)(2) is intended to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the factual allegations in the complaint "must be enough to raise the right to relief above the speculative level." *Id.*; *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The allegations in a complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

# ARGUMENT

## I. COUNT IV OF PLAINTIFF'S COMPLAINT (THE FDCPA CLAIM) SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Plaintiff's FDCPA claim in Count IV of Plaintiff's Complaint alleges FCI violated the FDCPA by misrepresenting the amount and legal status of a debt in a notice dated June 2, 2026. (Compl. ¶ 94, Ex. E). This notice is the only notice at issue in Count IV of Plaintiff's Complaint.

Two grounds exist for dismissing Count IV of Plaintiff's Complaint. First, this Court should also dismiss Count IV of Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of federal jurisdiction because Plaintiff lacks constitutional standing to sue in federal court since his only claimed concrete injury—a $10.48 mailing cost—was incurred in September 2025, nine months before the June 2, 2026 Notice was sent. Second, this Court should dismiss Count IV of Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim because the Notice was the type of mandatory disclosure notice not subject to the FDCPA.

Each ground for dismissal is discussed below.

### A. The FDCPA claim (Count IV) should be dismissed pursuant to Rule 12(b)(1) for lack of federal jurisdiction because Plaintiff lacks constitutional standing since his alleged concrete injury—a $10.48 mailing cost—was incurred in September 2025, nine months before FCI's Notice was sent on June 2, 2026.

Count IV of Plaintiff's Complaint must be dismissed because the FCI Notice sent on June 2, 2026, did not cause Plaintiff any injury. Because there is no injury, Plaintiff lacks constitutional standing to bring the FDCPA claim.

The jurisdiction of federal courts is limited to "Cases" and "Controversies" as described in Article III, Section 2 of the Constitution. *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 587 (7th Cir. 2016). There is no case or controversy if the plaintiff lacks standing to challenge the

defendant's alleged misconduct. *Id. citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In order to have standing, the plaintiff must have (1) suffered an injury-in-fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016). To satisfy the requirement of injury in fact for the purpose of establishing standing, injury must be (a) "concrete and particularized" and (b) actual or imminent, not conjectural or hypothetical. *Casillas v. Madison Ave. Assocs.,* 926 F.3d 329, 333 (7th Cir. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). A "concrete" injury must be "de facto"; that is, it must actually exist. *Spokeo, Inc. v. Robins*, 578 U.S. at 340. FDCPA plaintiffs cannot claim a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. *Casillas v. Madison Ave. Assocs.,* 926 F.3d 329, 332 (7th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 578 U.S. at 341). Article III "grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.; see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Casillas*).

In this case, this Court lacks subject matter jurisdiction because Plaintiff has not plausibly alleged that he was harmed by FCI's alleged violation of the FDCPA, which is the notice sent on June 2, 2026. The only specific damages referenced in Paragraph 97 of his Complaint are "out-of-pocket costs of preparing and mailing his September 2025 information request and subsequent disputes to FCI." (Compl. ¶¶ 53, 57b, 97). However, the claim for out-of-pocket mailing expenses is flawed because Plaintiff incurred the out-of-pocket mailing costs in September 2025, but the notice was not sent until the nine months later (June 2, 2026). Moreover, Plaintiff does not allege he tendered any payment to FCI in response to the notice or that he mailed any documents or

disputes to FCI after receiving the notice. In fact, all the activity and disputes referred to by Plaintiff in the Complaint all occurred before June 2, 2026. An injury cannot be caused by a notice that did not yet exist.

To adequately demonstrate causation, the plaintiff must allege facts showing a causal connection between the injury and the conduct complained of. *J.B. v. Woodard*, 997 F.3d 714, 720 (7th Cir. 2021). None of these alleged damages are fairly traceable to the notice sent on June 2, 2026, because the only concrete injury alleged, a $10.48 mailing cost, was incurred in September 2025, nine months before FCI's Notice was sent on June 2, 2026.

The party invoking federal jurisdiction bears the burden of demonstrating that they have standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-31, 141 S. Ct. 2190, 2207-08 (2021). Plaintiff fails to allege that any actionable harm resulted from the alleged violation of the FDCPA, which is necessary for this court to have jurisdiction over the FDCPA claim. Accordingly, the court should dismiss Count IV of Plaintiff's Complaint with prejudice.

**B. The FDCPA claim (Count IV) should also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because the Notice was the type of mandatory disclosure notice not subject to the FDCPA.**

Plaintiff's FDCPA claim alleges FCI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending a "Subsequent Interest Rate Adjustment" notice dated June 2, 2026. (Compl. ¶ 94, Ex. E). Plaintiff contends this notice misstated the amount and legal status of the debt in violation of §§ 1692e(2)(A), 1692e(10), and 1692f. (Compl. ¶ 94).

Plaintiff's claim fails because the Subsequent Interest Rate Adjustment Notice (Compl. Ex. E) does not constitute debt collection activity and is simply a mandatory disclosure required by the Truth in Lending Act ("TILA"). Courts have recognized that the FDCPA does not apply to every communication between a debt collector and a debtor. *Gburek v. Litton Loan Servicing, LP*,

614 F.3d 380, 384 (7th Cir. 2010). To bring a claim under the FDCPA, a plaintiff must establish that the communication was "in connection with the collection of any debt." *Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 384 (7th Cir. 2010).

The issue was discussed in *Ostojich v. Specialized Loan Servicing, LLC*, 618 F. Supp. 3d 778 (N.D. Ill. 2022), which recognized that Courts in this Circuit have drawn a line between a communication that induces payment, which is considered "in connection with the collection of any debt", compared to a communication that merely requests or provides information, which is not considered "in connection with the collection of any debt." The court in *Ostojich* recognized that courts employ a "commonsense" approach that depend on the salient facts unique to each case. *Id*. at 787-88. The factors the courts consider are (1) whether the debt collector explicitly demanded payment; (2) the nature of the parties' relationship; and (3) "the purpose and context of the communications – viewed objectively." *Id.* at 787; citing *Gburek*, 614 F.3d at 385.

The first factor, whether the debt collector explicitly demanded payment, supports the finding that the notice is not subject to the FDCPA because the notice did not explicitly demand payment. The notice contains no demand for immediate payment, no past-due balance requests, does not direct Plaintiff to send payment to any specific address, and contains no threats of late fees or legal enforcement. Although Plaintiff argues that the notice references a new monthly payment and notes a future due date of August 1, 2026, this language is purely forward-looking and prospective, the document functions as a standard account update outlining a *decrease* in the estimated interest rate (from 7.50% to 7.375%) and a corresponding *decrease* in the monthly payment (from $7,844.27 to $7,801.22). (Compl. Ex. E). The notice does not demand that Plaintiff cure a default. Instead, it simply informs him of a prospective adjustment to the contract terms, which FCI was required to provide since Plaintiff was contesting the foreclosure orders (and

continues to contest through his state court appeal of the foreclosure). (Compl ¶ 38). Courts have found that these types of communications were not "in connection with the collection of a debt". See *Bailey v. Sec. Nat'l Serv. Corp.*, 154 F.3d 384, 386 (7th Cir. 1998) (Concluding that a letter sent by a mortgage servicer did not fall within the FDCPA where the due dates listed in the letter were all prospective and that the letter did not demand any payment); *Buckley v. Bass & Assoc., P.C.*, 2000 WL 1006568, at *2 (N.D. Ill. 2000) (Concluding that a letter that simply requested bankruptcy information is not the type of letter that can be reasonably placed in the category describing a "communication in connection with the collection of a debt" under the FDCPA).

The second factor also supports the finding that the notice merely provides information and is not subject to the FDCPA. The second factor examines the context of the relationship between the parties. Here, FCI acts as the mortgage loan servicer. Under TILA and its implementing regulations (specifically 12 C.F.R. § 1026.20(c)), mortgage servicers are legally required to provide consumers with an ARM adjustment notice between 60 and 120 days before a new payment amount is due.

The notice is dated June 2, 2026, for an adjustment taking effect on July 1, 2026, with the first adjusted payment due on August 1, 2026. This timing directly aligns with federal regulatory mandates. Although Laskowski contends the notice is inaccurate due to the completion of the foreclosure, they continue to actively contest the foreclosure orders. Consequently, FCI is placed in an untenable position, facing potential non-compliance or liability regardless of whether the correspondence is issued. Because FCI is compelled by federal law to provide this exact information, the communication is a ministerial fulfillment of a statutory obligation rather than an opportunistic collection attempt.

The third factor relating to the purpose and context of the communications viewed objectively firmly establishes the letter's informational nature. The notice is titled "SUBSEQUENT INTEREST RATE ADJUSTMENT", reinforcing that its objective focus is a structural contract update relating to the interest rate, not debt recovery. The notice explains the mechanics of the loan, including index rates (SOFR 6-Month Term), margins, lifetime caps, and floor limits. Although Plaintiff notes that the notice standard boilerplate text stating, *"FCI is a debt collector and is attempting to collect a debt...",* the Seventh Circuit has repeatedly held that the presence of a generic, legally required "mini-Miranda" disclosure does not automatically transform an informational, contractually mandated notice into a debt collection communication. *See, e.g., Gburek*, 614 F.3d at 386 n.3; *Bailey*, 154 F.3d at 388–89 (7th Cir. 1998).

Taken as a whole, the context of notice remains purely informational. Because the notice attached to Plaintiff's Complaint as Exhibit E was sent to satisfy an explicit, non-discretionary federal statutory obligation under TILA and Regulation Z, it cannot support a claim for relief under §§ 1692e or 1692f. Accordingly, Count IV fails to state a plausible claim for relief under the FDCPA and must be dismissed with prejudice.

## II. COUNT V OF PLAINTIFF'S COMPLAINT (THE ICFA CLAIM) FAILS TO STATE A CLAIM UNDER THE ICFA.

Plaintiff's ICFA claim should be dismissed because: (1) the allegations stemming from a mortgage contract are not the type of conduct prohibited by ICFA; and (2) Plaintiff cannot plausibly allege any damages.

### A. Plaintiff's allegations stemming from the mortgage contract are not the type of conduct prohibited by ICFA.

ICFA makes it unlawful for a defendant to engage in a deceptive or unfair act or practice in commerce. *815 ILCS 505/2; Totz v. Continental DuPage Acura*, 602 N.E.2d 1374, 1380, (Ill.

App. Ct. 1992). To successfully bring an ICFA claim, Plaintiff must present facts demonstrating (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the defendant's deception; (3) that the deception occurred in the course of trade or commerce; and that the consumer fraud proximately caused the plaintiff's injury. *Rickher v. Home Depot, Inc*., 535 F.3d 661, 665 (7th Cir. 2008). An unfair practice is one that (a) "offend[s] public policy," (b) is "immoral, unethical, oppressive, or unscrupulous," or (c) "cause[s] substantial injury to consumers." *Id.* (citing *White v. DaimlerChrysler Corp*., 368 Ill. App.3d 278, 856 N.E.2d 542, 546 (Ill. App. 2006)). Determining what constitutes an unfair practice is a balancing test—the increased presence of one element lowers the threshold needed for the others. *Id.*

Allegations stemming from the mortgage-contract relationship are not the type of unfair or deceptive conduct that gives rise to a successful ICFA claim. *Williams v. Cenlar FSB, No. 21-CV-03271,* 2024 WL 3694477 *12, (N.D. Ill. August 7, 2024). "Indeed, in cases concerning unresponsive or error-riddled loan servicers, those courts have specifically held, **at the pleading stage**, that such scenarios could not state an ICFA claim." *Id.* citing *Geske v. Fannie Mae*, 2015 WL 1397087 *5 (N.D. Ill. March 25, 2015) and *Gritters v. Ocwen Loan Servicing*, LLC, No. 14-C-00916, 2018 WL 1784134 *15, *17 (N.D. Ill. Apr. 13, 2018).

Federal courts have consistently rejected ICFA claims similar to what Plaintiff is alleging in this action. *Fox v. Manley Deas & Kochalski LLC,* 2016 WL 6092638 *6 (N.D. Ill. Oct. 19, 2016) (dismissing the ICFA claim against defendant loan servicer based on alleged misrepresentation regarding status of her loan modification trial payment plan, inaction in pursuing foreclosure stay and delay in processing her loan because plaintiff's claim failed to allege anything more than the breach of the trial payment plan); *Williams v. Cenlar FSB,* 2024 WL 3694477 at *12-13 (N.D. Ill. August 7, 2024) (dismissed ICFA claim because allegations that defendant loan

servicer was unresponsive to plaintiff's claim of errors on her account or misrepresentations as to the status of her loan are akin to a breach of the mortgage, and the putative conduct does not rise to the level of deceptive conduct required under the ICFA). Communications that are inconsistent or claimed to be misleading are not sufficient to sustain an ICFA claim. *See Gritters v. Ocwen Loan Servicing, LLC*, No. 14-C-00916, 2018 WL 1784134 at *14 (N.D. Ill. April 13, 2018) (ruling that an ICFA claim based on loan servicer providing conflicting information in every statement or letter and charging foreclosure fees was not deceptive or unfair conduct to sustain an ICFA claim).

Plaintiff's allegations in Plaintiff's Complaint are the same types of claims that have been consistently rejected by this court under the ICFA. Plaintiff simply cannot plead a plausible ICFA claim based on this single notice. Therefore, Count V of Plaintiff's Complaint should be dismissed with prejudice.

**B. Plaintiff's ICFA claim should be dismissed because Plaintiff has not pled actual damages proximately caused by FCI.**

Although Count V of Plaintiff's Complaint is against both Axiom Financial Services, LLC and FCI, the allegation against FCI only relates to the notice sent on June 2, 2026. (Compl ¶ 105).

Plaintiff's claim against FCI fails on its face because Plaintiff does not and cannot allege any actual damage caused by the notice sent on June 2, 2026. The damages Plaintiff seeks to recover in Count V are $56,768.40 in attorney fees and costs plus "FCI-specific out-of-pocket mailing and dispute costs." (Compl. ¶ 108). These damages fail as to FCI as a matter of law because Plaintiff admits in Paragraph 73 of the Complaint that the $56,768.40 in attorney fees and costs are attributable to Axiom, not FCI (Compl. ¶ 73). None of the $56,768.40 in attorney fees and costs can be attributable to FCI because FCI was not a party to the separate litigation between Plaintiff and Axiom referenced in other parts of Plaintiff's Complaint.

In addition, the out-of-pocket mailing costs were already acknowledged to be incurred in September 2025, nine months before the FCI notice was sent on June 2, 2026. (Compl. ¶¶ 53, 57b, 97). Since the claim in Count V of Plaintiff's Complaint relies entirely on the notice sent on June 2, 2026, but the injuries occurred nine months before in September 2025, the damages Plaintiff seeks to recover cannot be attributed to the notice sent on June 2, 2026.

The law on this issue is clear. For an ICFA claim to be valid, plaintiff must plead that a deceptive act or misrepresentation proximately caused the injury. *See Connick v. Suzuki Motor Co. Ltd.,* 174 Ill.2d 482, 501 (1996). To sustain a private ICFA action, plaintiffs must sufficiently allege actual damages. *Kim v. Carter's Inc*., 598 F.3d 362, 366 (7th Cir. 2010). An ICFA claim is subject to dismissal where the plaintiff fails to allege facts demonstrating actual damages. *Rodriguez v. Cresco Labs, Inc.*, 2025 WL 3215872, at *3 (N.D. Ill. Nov. 18, 2025). "In a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'" *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 739 (7th Cir. 2014) (quoting *Kim v. Carter's Inc*., 598 F.3d 362, 365 (7th Cir. 2010)). Absent damages, Plaintiff's claim fails. *See Worix v. MedAssets, Inc.,* 857 F.Supp.2d 699, 706 (N.D. Ill. 2012) (Plaintiff must allege actual damages proximately caused by a deceptive act or misrepresentation). *DeBouse v. Bayer AG*, 922 N.E.2d 309, 315 (Ill. 2009) (same).

Because Plaintiff fails to—and cannot—allege actual damages proximately caused by FCI, Plaintiff's ICFA claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Counts IV and V of Plaintiff's Complaint as to Defendant, FCI LENDER SERVICES, INC., with prejudice.

Respectfully submitted,

/s/Joseph M. Herbas
Attorney for Defendant

Joseph M. Herbas #6277645
Noonan & Lieberman, Ltd.
33 N. LaSalle Street, Suite 1150
Chicago, IL 60602
Tel: 312-431-1455
Email: jherbas@noonanandlieberman.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 26, 2026, I caused to be electronically filed via the CM/ECF system with the Clerk of the U.S. District Court for the Northern District of Illinois the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS IV AND V OF THE PLAINTIFF'S COMPLAINT which will send notification of such filing to all attorneys of record:

Plaintiff's Attorney
Scott J. Oh, Esq.
Law Office of Scott J. Oh, LLC
5 Revere Drive, Ste. 200
Northbrook, IL 60062
sjo@sjolaw.com

Co-Defendants' Attorneys
Andrew Keeney Weiss
Quintairos, Prieto, Wood & Boyer, P.A.
141 West Jackson Boulevard, Ste. 1575
Chicago, IL 60604
andrew.weiss@qpwblaw.com

Christopher Scott Iaria
Halliday Watkins & Mann
376 East 400 South, Suite 300
Salt Lake City, UT 84111
ChrisI@hwmlawfirm.com

/s/Joseph M. Herbas
Attorney for Defendant

Joseph M. Herbas #6277645
Noonan & Lieberman, Ltd.
33 N. LaSalle Street, Suite 1150
Chicago, IL 60602
Tel: 312-431-1455
Email: jherbas@noonanandlieberman.com