**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

MARK EDWARD LASKOWSKI,

Plaintiff,

CASE NO. 1:26-cv-10027

vs.

AXIOM FINANCIAL SERVICES, LLC; HALLIDAY, WATKINS & MANN, P.C.; QUINTAIROS, PRIETO, WOOD & BOYER, P.A.; FCI LENDER SERVICES, INC.

Defendants.

**DEFENDANT HALLIDAY, WATKINS & MANN, P.C.'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Halliday, Watkins & Mann, P.C. ("HWM"), by its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Count II of the Complaint filed by Plaintiff Mark Edward Laskowski ("Plaintiff") with prejudice. In support of this Motion, HWM states as follows:

**ARGUMENT**

1. On August 19, 2026, Plaintiff filed his Complaint against four defendants, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Dkt. 1.) Count II is the only count directed at HWM.
2. Count II alleges that HWM, as counsel of record for Defendant Axiom Financial Services, LLC ("Axiom") in a DuPage County mortgage foreclosure action (Case No. 2014 CH 001915), violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f by appearing, filing, and defending relief on Axiom's behalf between April 8 and June 17,

2026, while Axiom allegedly lacked a license under the Illinois Collection Agency Act ("ICAA"), 205 ILCS 740/1 *et seq.* (Compl. ¶¶ 74–82.)

3. Count II fails to state a claim because the ICAA expressly exempts licensed attorneys, 205 ILCS 740/2.03(5), and a law firm therefore does not violate the FDCPA by representing a client that lacks an ICAA license. *Gibbs v. Blitt & Gaines, P.C.*, 2014 IL App (1st) 123681, ¶ 15; *Manlangit v. FCI Lender Services, Inc., 19-CV-03265, 2020 WL 5570092,(N.D. Ill. Sept. 16, 2020)*. The FDCPA is not an enforcement mechanism for state licensing law. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007); *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 876 (7th Cir. 2015). Plaintiff's conclusory assertion that HWM's liability is not derivative of Axiom's alleged ICAA violation (Compl. ¶ 76) is contradicted by his own allegations, each of which depends on Axiom's license status (*id.* ¶¶ 77–80).

4. Count II also fails to allege any false, deceptive, or misleading representation under §§ 1692e or 1692e(10). Every act alleged against HWM occurred before the Illinois Appellate Court's July 28, 2026 decision in *People ex rel. Laskowski v. Axiom Financial Services, LLC*, 2026 IL App (3d) 250359, at a time when the only judicial ruling on the question had held that Axiom was not subject to the ICAA with respect to its foreclosure activity and this order was issued after the final order in the foreclosure matter. (Compl. ¶¶ 31–32, 77.) Moreover, under *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶¶ 39–40, a collection agency's failure to obtain an ICAA license does not deprive an Illinois court of the power to grant it relief, so the relief HWM sought on Axiom's behalf was legally available. Plaintiff, who was represented by counsel and was actively litigating Axiom's license status, could not have been misled.

5. Count II likewise fails under § 1692e(5), which reaches threats to take action that cannot legally be taken, not actions actually taken in pending litigation, and under § 1692f, because appearing in and defending a pending court case is not an unfair or unconscionable means of collection.

6. The grounds for this Motion are set forth more fully in HWM's Memorandum of Law in Support of Its Motion to Dismiss Count II of Plaintiff's Complaint, filed contemporaneously herewith and incorporated by reference.

WHEREFORE, Defendant Halliday, Watkins & Mann, P.C. respectfully requests that this Court grant this Motion, dismiss Count II of Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant such other and further relief as the Court deems just.

Respectfully submitted,
HALLIDAY, WATKINS & MANN, P.C.
By: */s/ Christopher Iaria*

Christopher Iaria ARDC No. 6301746
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
ilteam@hwmlawfirm.com
Counsel for Defendant Halliday, Watkins & Mann, P.C.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 27, 2026, he caused the foregoing **Defendant Halliday, Watkins & Mann, P.C.'s Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** to be electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

*/s/ Christopher Iaria*

Scott J. Oh, Esq.
Counsel for: MARK EDWARD LASKOWSKI
Law Office of Scott J. Oh, LLC
5 Revere Drive, Ste. 200
Northbrook, IL 60062
sjo@sjolaw.com

Andrew Keeney Weiss
Counsel for: Quintairos, Prieto, Wood & Boyer, P.A.
141 West Jackson Boulevard, Ste 1575
Chicago, IL 60604
Andrew.weiss@qpwblaw.com

Joseph M. Herbas
Counsel for: Axiom Financial Services, LLC & FCI Lender Services, Inc.
33 N. LaSalle Street, Suite 1150
Chicago, IL 60602
jherbas@noonanandlieberman.com