IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK EDWARD LASKOWSKI,<br><br>Plaintiff,<br>v.<br><br>AXIOM FINANCIAL SERVICES, LLC; HALLIDAY, WATKINS & MANN, P.C.; QUINTAIROS, PRIETO, WOOD & BOYER, P.A.; AND FCI LENDER SERVICES, INC.;<br><br>Defendants. | ) | Case No. 1:26-cv-10027 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS I AND V OF PLAINTIFF'S COMPLAINT**

Defendant, AXIOM FINANCIAL SERVICES, LLC, by and through its attorney, Joseph M. Herbas of Noonan & Lieberman, Ltd., hereby submits its Memorandum of Law in support of its Motion to Dismiss Counts I and V of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## TABLE OF CONTENTS

**INTRODUCTION……………………………………………………………………..........1**

**LEGAL STANDARD………………………………………………………………………….2**

**ARGUMENT……………………………………………………………………………………..2**

**I. COUNT I OF PLAINTIFF'S COMPLAINT (THE FDCPA CLAIM) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM…………………………….…2**

**A. The FDCPA claim (Count I) must be dismissed because an alleged violation of a state licensing law does not *per se* constitute a violation of the FDCPA……………2**

**B. The FDCPA claim (Count I) should also be dismissed pursuant to Rule 12(b)(6) because the Notice sent by FCI was the type of mandatory disclosure notice not subject to the FDCPA…………………………………………………………...…5**

**II. COUNT V OF PLAINTIFF'S COMPLAINT (THE ICFA CLAIM) FAILS TO STATE A CLAIM UNDER THE ICFA………………………………………………….8**

**A. ICFA does not grant a private right of action for this type of ICAA violation…..9**

**B. Laskowski's ICFA claim related to the judicial foreclosure activity is barred by the Litigation Privilege………………………………………………………………….9**

**C. Plaintiff's ICFA claim should be dismissed because Plaintiff has not pled actual damages proximately caused by Axiom…………………………………………….11**

**CONCLUSION……………………………………...…………………………………... 12**

**CERTIFICATE OF SERVICE…………...……..…………………………………………14**

# TABLE OF AUTHORITIES

**Cases**


*Bailey v. Sec. Nat'l Serv. Corp.,* 154 F.3d 384 (7th Cir. 1998)……………………………….7-8

*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007)……………...3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………………………2

*Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015)……………….3

*Buckley v. Bass & Assoc., P.C.*, 2000 WL 1006568 (N.D. Ill. 2000)…………………………...7

*Butler v. J.R.S-I, Inc.*, 2016 WL 1298780 (N.D. Ill. Apr. 4, 2016)……………………………..3

*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014)………………………….11

*DeBouse v. Bayer AG*, 922 N.E.2d 309 (Ill. 2009)……………………………………………12

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007)……………………...2

*Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769 (7th Cir. 2007)……………………..3

*Fick v. Am. Acceptance Co., LLC*, 2012 WL 1074288 (N.D. Ind. Mar. 29, 2012)………………..3

*Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380 (7th Cir. 2010)…………………………6, 8

*Gibbs v. Blitt & Gaines, P.C.*, 2014 IL App (1st) 123681…………………………………………5

*Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614 (7th Cir. 2007)……………………..2

*Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010)………………………………………………11

*Kim v. Hoseney*, 545 F. App'x 521 (7th Cir. 2013)……………………………………………….10

*Kim v. State Farm Mut. Auto. Ins. Co.*, 2021 IL App (1st) 200135…………………………....10

*LVNV Funding, LLC v. Trice*, 2015 IL 116129…………………………………………………5

*O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152……………………………………………..9

*Ostojich v. Specialized Loan Servicing, LLC*, 618 F. Supp. 3d 778 (N.D. Ill. 2022)……………..6

*Rodriguez v. Cresco Labs, Inc.*, 2025 WL 3215872 (N.D. Ill. Nov. 18, 2025)…………………..11

*Rosales v. Unifund CCR Partners*, 2008 WL 5156681 (N.D. Ill. Dec. 5, 2008)………………….4

*Rosales v. Weltman, Weinberg & Reis Co.*, 2017 WL 1436957 (N.D. Ill. Apr. 24, 2017)……….10

*Scarpelli v. McDermott Will & Emery LLP*, 2018 IL App (1st) 170874………………………9-10

*Skibbe v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.,* 309 F. Supp. 3d 569 (N.D. Ill. 2018)……………………………………………………………………………….10-11

*Smith v. Wells Fargo Bank, N.A*., 2019 WL 2189285 (N.D. Ill. May 21, 2019)…………………10

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996)……………………………………..4

*Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 (N.D. Ill. Sept. 15, 2008)……………………………………………………………………………………………4

*Worix v. MedAssets, Inc*., 857 F. Supp. 2d 699 (N.D. Ill. 2012)…………………………….....11-12

## INTRODUCTION

Defendant AXIOM FINANCIAL SERVICES, LLC (hereinafter referred to as "Axiom") completed a state court foreclosure against a property owned by Plaintiff Mark Edward Laskowski ("Laskowski"). (Compl ¶¶ 14-20, 35-38). The state court foreclosure action is currently on appeal. (Compl ¶ 38).

While the foreclosure was pending, Laskowski, as a relator, filed a separate action against Axiom in state court (the "Licensing Case") arguing that Axiom was acting as an unlicensed collection agency, which was dismissed by the trial court, but the dismissal was reversed on appeal and remanded to the trial court for further proceedings. (Compl. ¶¶ 30-33, Ex. C). Axiom also reached an administrative settlement with the State of Illinois Department of Financial and Professional Regulation ("IDFPR") on the licensing allegations where Axiom agreed to cease and desist all activities which require licensure pursuant to Illinois' Collection Agency Act (the "ICAA"). (Compl. ¶¶ 9, 26-28, Ex. B).

Laskowski has now filed this case against Axiom alleging violations of the following statutes:

- **Count I:** The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(5), 1692e(10),1692f and 1692f(1);
- **Count V:** The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") 815 ILCS 505/1 *et seq.*

The two counts directed at Axiom should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. In support thereof, Axiom submits this Memorandum of Law to support its Motion to Dismiss Count I and Count V of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Axiom moves to dismiss Counts I and V of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6).* To state a claim, Rule 8(a)(2) requires pleadings to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* Rule 8(a)(2) is intended to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the factual allegations in the complaint "must be enough to raise the right to relief above the speculative level." *Id.*; *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The allegations in a complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ARGUMENT

### I. COUNT I OF PLAINTIFF'S COMPLAINT (THE FDCPA CLAIM) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Laskowski has not plausibly alleged a FDCPA claim against Axiom. Laskowski's allegation that Axiom violated a state licensing law does not *per se* constitute a violation of the FDCPA. In addition, Laskowski's FDCPA claim relating to a notice sent by FCI is not subject to the FDCPA. Each issue is discussed below.

#### A. The FDCPA claim (Count I) must be dismissed because an alleged violation of a state licensing law does not *per se* constitute a violation of the FDCPA.

The core of Plaintiff's FDCPA claim is that any action taken by Axiom in the state court foreclosure case is a violation of the FDCPA because Axiom lacked a license under the ICAA. (Compl. ¶ 70a-f). This *per se* liability theory has been squarely rejected within this circuit. The

Seventh Circuit has made clear that the FDCPA does not act as an enforcement mechanism for state procedural rules or local licensing mandates. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). The court in *Beler* noted that the FDCPA "creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause." *Id.* "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015); *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 778 (7th Cir. 2007) ("[A] violation of state law is not in itself a violation of the federal [FDCPA] Act [.]"); *Butler v. J.R.S-I, Inc.*, 2016 WL 1298780, at *6 (N.D. Ill. April 4, 2016) ("[T]he Seventh Circuit has repeatedly held that the FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." (citation and internal quotation marks omitted)); *Fick v. Am. Acceptance Co., LLC*, 2012 WL 1074288, at *3 (N.D. Ind. March 29, 2012) ("Because Section 1692f is not a piggyback jurisdiction clause, plaintiff cannot use its prohibition[s] ... as an enforcement mechanism for Indiana's state licensing law" (citation and internal quotation marks omitted).

The Seventh Circuit applied and reiterated this principle in *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.* There, the debt collector had previously sued the plaintiff in state court to collect on the plaintiff's credit card debt. *Bentrud*, 794 F.3d at 872. During the state court lawsuit, the plaintiff invoked the arbitration provision of his credit card agreement, which allowed him to force arbitration of the dispute. *Id.* When the debt collector subsequently filed a motion for summary judgment in the state court lawsuit, the plaintiff filed a federal suit alleging a violation of the FDCPA. *Id.* at 872-73. The plaintiff argued that the debt collector's summary judgment motion in state court was an "unfair or unconscionable" means of collecting debt under § 1692f

because the arbitration provision of the credit card agreement, once invoked, precluded further litigation. *Id.* at 873-74. The Seventh Circuit rejected this claim and affirmed summary judgment for the debt collector, explaining that the FDCPA "is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Id.* at 875. If the plaintiff objected to the debt collector's resumption of the state court litigation after he elected arbitration, the court reasoned, "his remedy sounds in breach of contract, not the FDCPA." *Id.*

In *Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 (N.D. Ill. Sept. 15, 2008) the plaintiff filed an action under the FDCPA, and state consumer statutes, after the defendant sued in state court to collect on a defaulted debt. The consumer did not allege the statements contained in the collector's complaint were false; instead, the consumer claimed the complaint was insufficient under the applicable state statute. *Id.* The court dismissed the complaint stating that "the FDCPA does not address state court litigation" and because the "FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation." *Id.* at *2; *See also Rosales v. Unifund CCR Partners*, 2008 WL 5156681, at *2 (N.D. Ill. December 5, 2008) (dismissing § 1692e claims predicated upon procedural deficiencies of affidavits filed in state court action because the deficiencies related to state court pleading requirements rather than overarching policy concerns behind the FDCPA).

Other circuits have reached the same conclusion. The Ninth Circuit has held that collection activity by an unlicensed collection agency does not inherently violate the FDCPA. *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). The *Wade* court noted that the remedy for a state law violation lies with the state court, not the FDCPA. *Id.* at 1100-01.

Furthermore, Illinois appellate courts have explicitly evaluated this dynamic and confirmed that filing a debt-collection action without a state license does not translate into an FDCPA violation. *Gibbs v. Blitt & Gaines, P.C.*, 2014 IL App (1st) 123681, ¶¶ 14-18. The Illinois Supreme Court has also made it clear that a lack of a license under the Illinois Collection Agency Act ("ICAA") does not render a judicial judgment void. See *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 48. The Illinois Supreme Court in *Trice* noted that the failure to register under the ICAA did not deprive the state court of jurisdiction to enter a judgment. In fact, the *Trice* court emphasized that if a circuit court has "both subject matter jurisdiction and personal jurisdiction over the parties, the judgment is not 'void.'"

With respect to the state court foreclosure, Laskowski does not allege that Axiom misrepresented the character, amount, or legal status of the mortgage loan, nor does Laskowski dispute that the court orders entered in the state court foreclosure are valid and enforceable orders. Laskowski's FDCPA claim is based solely on the allegation that Axiom's alleged activity violates the ICAA. Laskowski argues that because Axiom was not licensed under the ICAA, the FDCPA is also violated. (Compl. ¶ 70a-f). The case law has repeatedly rejected this argument and found that the FDCPA is not an enforcement mechanism for matters governed by state law. Therefore, Count I of Plaintiff's Complaint should be dismissed.

**B. The FDCPA claim (Count I) should also be dismissed pursuant to Rule 12(b)(6) because the Notice sent by FCI was the type of mandatory disclosure notice not subject to the FDCPA.**

Laskowski's FDCPA claim includes one allegation relating to a notice sent by the mortgage servicer FCI Lender Services, Inc. ("FCI"). (Compl. ¶ 70f). The notice at issue is a "Subsequent Interest Rate Adjustment" notice sent by FCI relating to an interest rate change for the loan. Laskowski alleges this notice violated the FDCPA. (Compl. ¶ 70f). With respect to this notice,

Laskowski's claim fails because the Subsequent Interest Rate Adjustment Notice (Complaint Ex. E) does not constitute debt collection activity and is simply a mandatory disclosure required by the Truth in Lending Act ("TILA"). Courts have recognized that the FDCPA does not apply to every communication between a debt collector and a debtor. *Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 384 (7th Cir. 2010). To bring a claim under the FDCPA, a plaintiff must establish that the communication was "in connection with the collection of any debt." *Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 384 (7th Cir. 2010).

The issue was discussed in *Ostojich v. Specialized Loan Servicing, LLC*, 618 F. Supp. 3d. 778 (N.D. Ill. 2022), which recognized that Courts in this Circuit have drawn a line between a communication that induces payment, which is considered "in connection with the collection of any debt", compared to a communication that merely requests or provides information, which is not considered "in connection with the collection of any debt." The court in *Ostojich* recognized that courts employ a "commonsense" approach that depend on the salient facts unique to each case. *Id*. at 787-88. The factors the courts consider are (1) whether the debt collector explicitly demanded payment; (2) the nature of the parties' relationship; and (3) "the purpose and context of the communications – viewed objectively." *Id.* at 787; citing *Gburek*, 614 F.3d at 385.

The first factor, whether the debt collector explicitly demanded payment, supports the finding that the notice is not subject to the FDCPA because the notice did not explicitly demand payment. The notice contains no demand for immediate payment, no past-due balance requests, does not direct Plaintiff to send payment to any specific address, and contains no threats of late fees or legal enforcement. Although Plaintiff argues that the notice references a new monthly payment and notes a future due date of August 1, 2026, this language is purely forward-looking and prospective, the document functions as a standard account update outlining a *decrease* in the

estimated interest rate (from 7.50% to 7.375%) and a corresponding *decrease* in the monthly payment (from $7,844.27 to $7,801.22). (Compl. Ex. E). The notice does not demand that Plaintiff cure a default. Instead, it simply informs him of a prospective adjustment to the contract terms, which FCI was required to provide since Plaintiff was contesting the foreclosure orders (and continues to contest through his state court appeal of the foreclosure). (Compl ¶ 38). Courts have found that these types of communications were not "in connection with the collection of a debt". See *Bailey v. Sec. Nat'l Serv. Corp*., 154 F.3d 384, 386 (7th Cir. 1998) (Concluding that a letter sent by a mortgage servicer did not fall within the FDCPA where the due dates listed in the letter were all prospective and that the letter did not demand any payment); *Buckley v. Bass & Assoc., P.C.*, 2000 WL 1006568, at *2 (N.D. Ill. 2000) (Concluding that a letter that simply requested bankruptcy information is not the type of letter that can be reasonably placed in the category describing a "communication in connection with the collection of a debt" under the FDCPA).

The second factor also supports the finding that the notice merely provides information and is not subject to the FDCPA. The second factor examines the context of the relationship between the parties. Here, FCI acts as the mortgage loan servicer. Under TILA and its implementing regulations (specifically 12 C.F.R. § 1026.20(c)), mortgage servicers are legally required to provide consumers with an ARM adjustment notice between 60 and 120 days before a new payment amount is due.

The notice is dated June 2, 2026, for an adjustment taking effect on July 1, 2026, with the first adjusted payment due on August 1, 2026. This timing directly aligns with federal regulatory mandates. Although Laskowski contends the notice is inaccurate due to the completion of the foreclosure, he continues to actively contest the foreclosure orders. Consequently, FCI is placed in an untenable position, facing potential non-compliance or liability regardless of whether the

correspondence is issued. Because FCI is compelled by federal law to provide this exact information, the communication is a ministerial fulfillment of a statutory obligation rather than an opportunistic collection attempt.

The third factor relating to the purpose and context of the communications viewed objectively firmly establishes the letter's informational nature. The notice is titled "SUBSEQUENT INTEREST RATE ADJUSTMENT", reinforcing that the objective focus of the notice is a structural contract update relating to the interest rate, not debt recovery. The notice explains the mechanics of the loan, including index rates (SOFR 6-Month Term), margins, lifetime caps, and floor limits. Although Plaintiff notes that the notice contains standard boilerplate text stating, *"FCI is a debt collector and is attempting to collect a debt...",* the Seventh Circuit has repeatedly held that the presence of a generic, legally required "mini-Miranda" disclosure does not automatically transform an informational, contractually mandated notice into a debt collection communication. *See, e.g., Gburek*, 614 F.3d at 386 n.3; *Bailey*, 154 F.3d at 388–89 (7th Cir. 1998).

Taken as a whole, the context of the notice remains purely informational. Because the notice attached to Plaintiff's Complaint as Exhibit E was sent to satisfy an explicit, non-discretionary federal statutory obligation under TILA and Regulation Z, it cannot support a claim for relief under §§ 1692e or 1692f. Accordingly, Count I fails to state a plausible claim for relief under the FDCPA and must be dismissed with prejudice.

## II. COUNT V OF PLAINTIFF'S COMPLAINT (THE ICFA CLAIM) FAILS TO STATE A CLAIM UNDER THE ICFA.

Laskowski's ICFA claim should be dismissed because (1) ICFA does not grant a private right of action for this type of ICAA violation; (2) Laskowski's ICFA claim related to the judicial foreclosure activity is barred by the Litigation Privilege; and (3) Plaintiff cannot plausibly allege any damages attributable to Axiom.

### A. ICFA does not grant a private right of action for this type of ICAA violation.

Laskowski does not plead that he paid any unauthorized fees directly to Axiom, nor does he challenge the accuracy of the underlying debt obligation itself. The majority of Laskowski's ICFA claim is based solely on Axiom not being licensed under the ICAA.

Count V attempts to transform a bare regulatory licensing omission into a statutory consumer fraud claim, but Section 9.7 of the ICAA makes clear that only the Illinois Attorney General may enforce a violation under the ICAA:

> **Sec. 9.7. Enforcement under the Consumer Fraud and Deceptive Business Practices Act.** The Attorney General may enforce the knowing violation of Section 9 (except for items (2) through (4), (7) through (9), (11) through (13), and (23) of subsection (a)), 9.1, 9.2, 9.3, or 9.4 of this Act as an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act. *205 ILCS 740/9.7.*

The plain language of Section 9.7 of the ICAA only authorizes the Attorney General to enforce the ICAA under the ICFA, not a private citizen. Nothing in the ICAA suggests that a bare regulatory omission (operating without a license) equates to an affirmative deceptive or unfair business practice that entitles a consumer to relief under the ICFA. Therefore, Laskowski lacks standing to bring the ICFA claim for this type of alleged violation of the ICAA.

### B. Laskowski's ICFA claim related to the judicial foreclosure activity is barred by the Litigation Privilege.

Paragraphs 102(a) through (g) of Laskowski's Complaint allege a violation of the ICFA based on actions taken in the state court foreclosure action. (Compl. ¶ 102a-g). It is well established that statements or conduct made in the course of judicial proceedings are absolutely privileged. *O'Callaghan v. Satherlie,* 2015 IL App (1st) 142152, ¶¶ 27-28. This is true regardless of the individual's subjective motivation. *Scarpelli v. McDermott Will & Emery LLP,* 2018 IL App (1st) 170874, ¶¶ 30-31 (the privilege immunizes statements and conduct and "an attorney's motives are irrelevant with respect to the applicability of the privilege, as is the reasonableness or

unreasonableness of his conduct"). The privilege applies to all communications made before, during, or after litigation, *O'Callaghan,* 2015 IL App (1st) 142152, ¶¶ 27–28. The only requirement for the litigation privilege to apply "is that the communication must pertain to proposed or pending litigation." *Scarpelli v. McDermott Will & Emery LLP,* 2018 IL App (1st) 170874, ¶ 19.

The privilege immunizes the litigant for claims of fraud or intentional misrepresentations "for statements, no matter how reckless or dishonest" in judicial proceedings. *Kim v. Hoseney,* 545 F. App'x 521, 522 (7th Cir. 2013). It also applies to claims brought under the ICFA. *See Kim v. State Farm Mut. Auto. Ins. Co.,* 2021 IL App (1st) 200135, ¶ 39 (ICFA claim based on statements made in the personal injury suit fails as the statements are protected by the litigation privilege); *Skibbe v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.,* 309 F. Supp. 3d 569, 577 (N.D. Ill. 2018) (An ICFA claim based on the filing of a foreclosure that was allegedly unlawful barred by the litigation privilege).

Since Laskowski's claims relate entirely to activity and notices sent in connection with the state court judicial foreclosure, they are privileged and cannot support a separate cause of action.

Closely on point is *Smith v. Wells Fargo Bank, N.A.,* 2019 WL 2189285 (N.D. Ill. May 21, 2019), where the mortgagor sued the mortgage holder under the ICFA among other theories based on alleged misrepresentations made in a loss mitigation affidavit submitted by the mortgagee in the foreclosure. *Id.* at *6. The district court dismissed the claim on the grounds that statements in the affidavit were protected by the absolute litigation privilege, noting the privilege "shield[ed] [the mortgagee] from liability for statements that one of its agents made in a judicial proceeding prosecuted by it". *Id.* at *6. In the same way, the activities at issue here were in connection with a judicial foreclosure proceeding and they are, thus, likewise shielded from liability under ICFA based on the absolute litigation privilege. *See also Rosales v. Weltman, Weinberg & Reis Co.,* No.

15-CV-06943, 2017 WL 1436957 (N.D. Ill. Apr. 24, 2017) (ICFA action based on allegation that defendants made material misrepresentations to plaintiff and his counsel regarding his liability on the alleged debt was barred by the litigation privilege); *Skibbe v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.,* 309 F. Supp. 3d at 578 (a mistake by a defendant in state court concerning the right to file a third foreclosure was barred by the litigation privilege).

Since Laskowski's ICFA claim relates to activity in the state court foreclosure action, the Litigation Privilege serves as an absolute bar to Laskowski's ICFA claim. Therefore, Laskowski's ICFA claim must be dismissed with prejudice.

**C. Plaintiff's ICFA claim should be dismissed because Plaintiff has not pled actual damages proximately caused by Axiom.**

Count V of Plaintiff's Complaint seeks damages against Axiom for $56,768.40 in attorney's fees and litigation costs incurred in connection with the state court foreclosure action. (Compl. ¶ 108). However, attorney's fees or defense costs incurred in a separate action do not constitute "actual damages" because they are not a loss proximately caused by Axiom's alleged lack of registration under the ICAA.

To sustain a private ICFA action, a plaintiff must sufficiently allege actual damages. *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010). An ICFA claim is subject to dismissal where the plaintiff fails to allege facts demonstrating such damages. *Rodriguez v. Cresco Labs, Inc.*, 2025 WL 3215872, at *3 (N.D. Ill. Nov. 18, 2025). "In a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (quoting *Kim*, 598 F.3d at 365). Absent actual damages, Plaintiff's claim fails as a matter of law. *See Worix v. MedAssets, Inc.*, 857 F. Supp. 2d 699, 706 (N.D. Ill. 2012) (holding that a plaintiff must allege actual damages proximately caused

by the deceptive act or misrepresentation); *DeBouse v. Bayer AG*, 922 N.E.2d 309, 315 (Ill. 2009) (same).

Laskowski fails to allege actual damages proximately caused by Axiom's failure to maintain a license under the ICAA. Laskowski claims his damages are for attorney fees and costs incurred defending the state court foreclosure (Compl. ¶ 108), but Laskowski would have incurred those fees and costs regardless of whether Axiom was registered with the ICAA or not. Laskowski's attorney fees and costs were incurred defending a state court foreclosure filed by Axiom's predecessor, PennyMac on October 17, 2014. (Compl. ¶ 35). Laskowski was in default on the loan and in foreclosure long before Axiom even acquired the loan. (Compl. ¶¶ 35-36). It was Laskowski's default on the loan that caused him to incur attorney fees and costs defending the foreclosure, not the lack of a license by Axiom.

In addition, Count V references out-of-pocket mailing costs incurred in September 2025 in connection with a notice sent by the mortgage servicer, FCI. However, these mailing costs were allegedly incurred nine months *before* the FCI notice was actually sent on June 2, 2026. (Compl. ¶¶ 53, 57b, 97). Because the mailing expenses predate the June 2, 2026 notice, the mailing expenses could not have been incurred as a result of that notice.

Simply put, Laskowski has failed to allege any cognizable damages proximately caused by Axiom to sustain his claim. Therefore, Count V of Laskowski's Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts I and V of Plaintiff's Complaint as to Defendant, AXIOM FINANCIAL SERVICES, LLC, with prejudice.

Respectfully submitted,

/s/Joseph M. Herbas
Attorney for Defendant

Joseph M. Herbas #6277645
Noonan & Lieberman, Ltd.
33 N. LaSalle Street, Suite 1150
Chicago, IL 60602
Tel: 312-431-1455
Email: jherbas@noonanandlieberman.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on November 3, 2026, I caused to be electronically filed via the CM/ECF system with the Clerk of the U.S. District Court for the Northern District of Illinois the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS I AND V OF THE PLAINTIFF'S COMPLAINT which will send notification of such filing to all attorneys of record:

Plaintiff's Attorney
Scott J. Oh, Esq.
Law Office of Scott J. Oh, LLC
5 Revere Drive, Ste. 200
Northbrook, IL 60062
sjo@sjolaw.com

Co-Defendants' Attorneys
Andrew Keeney Weiss
Quintairos, Prieto, Wood & Boyer, P.A.
141 West Jackson Boulevard, Ste. 1575
Chicago, IL 60604
andrew.weiss@qpwblaw.com

Christopher Scott Iaria
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
ChrisI@hwmlawfirm.com

/s/Joseph M. Herbas
Attorney for Defendant

Joseph M. Herbas #6277645
Noonan & Lieberman, Ltd.
33 N. LaSalle Street, Suite 1150
Chicago, IL 60602
Tel: 312-431-1455
Email: jherbas@noonanandlieberman.com